UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CAUSE NO. 3:06-CR-59 RM |
| ) | |
| JAMES R. WHEELER ) | |

OPINION AND ORDER

On July 17, James Wheeler moved to strike certain statements from the indictment because they are surplusage. The government opposes the motion because Mr. Wheeler hasn't satisfied any of the requirements of FED. R. CRIM. P. 7(d) to strike the language. The court proceeds without benefit of a reply, and for the following reasons, denies Mr. Wheeler's motion.

Mr. Wheeler argues that allegations he received payments in 2002 are irrelevant, inflammatory, and prejudicial because he had a legitimate entitlement to such payments for services rendered and because receipt of any alleged payments in 2002 was not a crime. The government provides an alternative view of the statements, connecting them to the alleged crimes and asserting it intends to evidence of the alleged 2002 payments as a relevant portion of its case-in-chief.

While "[a]llegations in an indictment that are not necessary to establish a violation of the statute in issue are mere surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime . . . surplusage should not be stricken unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Peters, 435 F.3d 746, 752-53

(7th Cir. 2006) (quotations and citations omitted). The government has provided a theory of its case that renders the alleged payments relevant to the alleged crimes. This alone renders striking the allegations Mr. Wheeler takes issue with improper.

    For this reason, the court DENIES Mr. Wheeler's motion [Doc. No. 16].

    SO ORDERED.

    ENTERED:   August 7, 2006

                                /s/ Robert L. Miller, Jr.
                                Chief Judge
                                United States District Court